UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LARRY P. RAYMER,

Petitioner,

v.

R. L. MORRISON,
Warden of FPC Duluth,

Respondent.

Civil No. 06-4313 (MJD/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota. He is serving a 180-month sentence that was imposed in 1998 in the United States District Court for the Southern District of Indiana.

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner was sentenced after pleading guilty to being a felon in possession of a firearm. Because Petitioner had three prior convictions for "violent felonies," he was sentenced under the Armed Career Criminal Act, ("ACCA"). The 180-month sentence he received was the minimum allowable under the ACCA.

After Petitioner was sentenced, he filed a direct appeal, claiming that one of his prior convictions – a 1978 Ohio state court conviction for "breaking and entering" – should not have been counted as a violent felony conviction for purposes of the ACCA. The Seventh Circuit Court of Appeals rejected Petitioner's argument, and upheld his conviction and ACCA sentence. United States v. Raymer, No. 98-3933 (7th Cir. 1999), 1999 WL 370049 (unpublished opinion).

Petitioner has also filed a motion in the trial court, which he describes as a "Motion to Dismiss for Lack a Valid Indictment." (Petitioner's Memorandum, [Docket No. 2], p. 2.) The trial court purportedly "recharacterize[d]" that motion as an application for relief under 28 U.S.C. § 2255. (Id.) The motion was denied on July 16, 1999. (Petition. p. 3, § 3.)

Petitioner's current § 2241 habeas corpus petition raises further challenges to his ACCA sentence. He claims that his sentence should be vacated because some of his prior violent felony convictions should not be counted against him for ACCA purposes.

Petitioner's memorandum in support of his petition, (Docket No. 2), discusses three prior state court matters that caused him to be sentenced under the ACCA: (1) a 1978 case in Hamilton County, Ohio, which resulted in a conviction for "breaking and entering," (Petitioner's Memorandum, p. 10); (2) a 1980 case in Hamilton County, Ohio, which resulted in a conviction for "robbery," (id., p. 8); and (3) three 1988 cases in Indiana, which resulted in

one conviction for "burglary," one conviction for "theft," and the dismissal of a third charge, (the nature of which is not disclosed), (id., p. 3).

Petitioner presently contends that:

(1) his 1978 conviction should not have been counted as a violent felony under the ACCA, because that conviction was later "expunged," (id., p. 10);

(2) his 1980 conviction should not have been counted as a violent felony under the ACCA, because his attorney (at that time) did not inquire into his "medical history," (id., p. 9), and because the civil rights that he lost as a result of that conviction were later restored, (id., pp. 8-9); and

(3) his 1988 convictions should not have been counted as violent felonies under the ACCA, because the trial court records in those proceedings were "destroyed," (id., pp. 3-4).

For the reasons discussed below, the Court finds that none of Petitioner's claims can be entertained in the present § 2241 habeas corpus proceeding.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S.Ct. 2984 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

Thus, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner obviously is challenging the federal prison sentence that he is currently serving. However, it is not entirely clear whether Petitioner is claiming (a) that the federal trial court judge who sentenced him committed some alleged error during the federal sentencing process, or (b) that his underlying state court convictions, which caused him to be sentenced under the ACCA, are invalid due to alleged flaws in his state criminal cases. In either event, however, Petitioner's claims cannot be brought in a § 2241 habeas corpus petition.

To the extent that Petitioner is claiming that the federal trial court judge committed a sentencing error, his claims are barred by the § 2255 exclusive remedy rule.[2] As discussed above, Petitioner cannot seek relief under § 2241 for an error allegedly committed by the federal trial court judge who sentenced him. A § 2255 motion (brought in the trial court) is the exclusive post-conviction remedy for a federal prisoner who claims that the trial court judge committed a sentencing error. Therefore, unless the savings clause applies, Petitioner's claims that are based on alleged errors by the federal trial court judge are barred by § 2255's exclusive remedy rule.

The savings clause does not apply "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that, to the extent Petitioner is claiming that the federal trial court judge committed some error at sentencing, the savings clause is not applicable. Any such claims could have been raised in Petitioner's direct appeal, or in a properly-filed § 2255 motion. Petitioner cannot maintain that § 2255 is an inadequate or ineffective remedy for such claims, simply because he failed to raise them on direct appeal or in a § 2255 motion. Id.

To the extent that Petitioner is currently challenging the validity of any state court conviction that was used to enhance his federal sentence under the ACCA, his claims are

---

[2] Petitioner apparently believes that the federal trial court judge erred by counting his 1978 and 1980 state court convictions as violent felonies for ACCA purposes, because the 1978 conviction allegedly was "expunged," and he had his civil rights restored following his 1980 conviction. These arguments do not appear to challenge the validity of the 1978 and 1980 convictions, per se; instead, Petitioner appears to be challenging the federal trial court judge's use of these convictions to sentence him under the ACCA. In short, Petitioner appears to be attributing these alleged errors to the federal court, not the state courts.

barred by a trilogy of United States Supreme Court decisions – Custis v. United States, 511 U.S. 485 (1994), Daniels v. United States, 532 U.S. 374 (2001), and Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). In Custis, the Court held that a federal criminal defendant cannot, at the time of his sentencing, challenge the validity of a prior state court conviction used for ACCA sentencing purposes. In Daniels, the Court extended the holding of Custis, and barred federal prisoners from bringing § 2255 challenges to the validity of prior state court convictions used for ACCA sentencing purposes. And in Coss, (a companion case to Daniels), the Court held that federal prisoners cannot seek relief under 28 U.S.C. § 2254 for state court convictions used for ACCA sentencing purposes, (if the sentence imposed for the conviction has been fully served).[3]

The three relevant Supreme Court decisions cited two primary reasons for barring collateral challenges to old state court convictions that result in ACCA sentences. The first reason is "ease of administration." Daniels, 532 U.S. at 378. In other words, federal courts should not be required to "'rummage through frequently nonexistent or difficult to obtain state-court transcripts or records'" to evaluate the validity of old state court convictions. Id., quoting Custis, 511 U.S. at 496. The second reason is "the interest in promoting the finality of judgments." Id. (noting that "allowing collateral attacks would 'inevitably delay and impair the orderly administration of justice,' and 'deprive the state-court judgment of its normal force and effect'") (quoting Custis, 511 U.S. at 497).

---

[3] Custis, Daniels and Coss all recognize an exception for cases in which the defendant/prisoner was wholly deprived of his right to counsel in the state court. This exception is not applicable here, because Petitioner has not alleged that he was denied the right to counsel in any of the state court proceedings at issue.

Although the Supreme Court has not yet explicitly applied the rule of Custis, Daniels and Coss to collateral challenges brought under § 2241, there is no valid reason to refrain from doing so here. The legal reasoning that supports the Custis-Daniels-Coss trilogy is fully applicable to collateral challenges to expired state criminal judgments that are brought under § 2241. The federal courts' interest in "ease of administration" at sentencing, and the state courts' interest in the finality of their judgments, are no less important here, (in a § 2241 case), than they were in Custis, Daniels and Coss.

Other courts have applied Custis, Daniels and Coss in § 2241 cases, and have ruled that federal prisoners are precluded from challenging old state court convictions under § 2241. Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir.) ("we hold a petitioner cannot collaterally attack an expired state court conviction under § 2241"), cert. denied, 543 U.S. 1034 (2004); Drakes v. Immigration and Naturalization Service, 330 F.3d 600, 604-05 (3rd Cir.) (same), cert. denied, 540 U.S. 1008 (2003); Quintana v. Lundgren, 368 F.Supp.2d 1056, 1059 (C.D.Cal. 2005) ("[t]o permit a section 2241 'savings clause' exception in the present case," and allow a federal prisoner to challenge an expired state court conviction and sentence under § 2241, "would transgress the policies of Custis and Daniels and circumvent the holding of Daniels"). The Court agrees with the reasoning and outcomes of those cases.

Thus, the Court concludes that Petitioner cannot use a § 2241 habeas corpus petition to mount a collateral challenge against his ACCA sentence. His claims based on alleged errors by the federal trial court judge at sentencing are barred by § 2255's exclusive remedy rule, and his claims based on alleged flaws in his expired state criminal cases are barred by the Supreme Court's decisions in Custis, Daniels and Coss. The Court will therefore

recommend that the present petition be summarily dismissed for lack of jurisdiction. See Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Finally, the Court notes that Petitioner did not pay the filing fee for this case, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) He has also filed a "Motion For Evidentiary Hearing." (Docket No. 4.) Because Petitioner has not stated a claim for relief that can properly be entertained in a § 2241 habeas corpus proceeding, the Court will recommend that his IFP application and request for an evidentiary hearing be summarily denied.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be DENIED;

2. Petitioner's "Motion For Evidentiary Hearing," (Docket No. 4), be DENIED; and

3. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily DISMISSED for lack of jurisdiction.

Dated: November 2, 2006

s/Jeanne J. Graham
________________________
JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by November 24, 2006. A party may respond

to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.