UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

LARRY P. RAYMER

       Petitioner,

v.                                   **ORDER**
                                     Civil File No. 06-4313 (MJD/JJG)

R.L. MORRISON, Warden of
FPC Duluth,

       Respondent.
_____

Larry P. Raymer, pro se.

Richard A. Newberry, Jr., Assistant United States Attorney, Counsel for Respondent.
_____

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Jeanne J. Graham dated November 2, 2006. Petitioner Larry P. Raymer filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review the Court adopts the Report and Recommendation dated November 2, 2006.

In his objections to the Report and Recommendation, Raymer asserts that

1

"the Magistrate Judge overlooked Raymer's Motion for Appointment of Counsel." (Objections at 3.) There is no Motion for Appointment of Counsel in the record for this case. Additionally, because this Court is dismissing Raymer's case for lack of jurisdiction, any request for appointment of counsel would be denied as moot.

In his objections, Raymer also requests that if this Court does not have jurisdiction over his case, the Court should transfer his case to the correct court. In some cases, this Court can interpret a § 2241 petition that is barred by the exclusive remedy rule as a § 2255 petition and then transfer the case to the correct trial court. Saenz v. Warden, FMC Rochester, No. 06-3451 DWF/RLE, 2006 WL 2860850, at *3 (D. Minn. Oct. 4, 2006) (unpublished). However, Raymer has already filed a § 2255 motion, so any second § 2255 petition could not be reviewed by the District Court for the Southern District of Indiana without prior approval from the Court of Appeals for the Seventh Circuit. Id. (citing 28 U.S.C. § 2244(b)(3); Title 28 U.S.C. § 2255). Because Raymer has not obtained pre-authorization from the Seventh Circuit, this Court cannot construe Raymer's motion as a § 2255 petition and attempt to transfer it to the trial court in which he was convicted. Id.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation dated November 2, 2006, [Docket No. 6] is hereby **ADOPTED**.

2. Petitioner's application for leave to proceed in forma pauperis [Docket No. 3] is **DENIED**.

3. Petitioner's Motion for Evidentiary Hearing [Docket No. 4] is **DENIED**.

4. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] is summarily **DISMISSED** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: December 11, 2006						s / Michael J. Davis
									Judge Michael J. Davis
									United States District Court